**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

ANTHONY WILLIAMS,                       :
                                        :
          Petitioner,                  :
                                        :
v.                                      :       Case No. 1:25-cv-44 (LAG)
                                        :
Warden MARK AGBOASI,                    :
                                        :
          Respondent.                  :

_____

## ORDER

On June 12, 2025, Respondent moved to dismiss as untimely Petitioner's application for federal habeas relief under 28 U.S.C. § 2254. (Docs. 15, 1). In response, Petitioner moved for an evidentiary hearing, and he argues that he was entitled to equitable tolling and that his alleged actual innocence "overrides all procedural bars[.]" (Doc. 19, at 1) (citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013)). Petitioner – who was convicted in 2004 of malice murder for an offense committed in 1992[1] – contends that he is entitled to an evidentiary hearing under *Schlup v. Delo*, 513 U.S. 298 (1995), and that he has affidavits of alibi witnesses who placed "Petitioner at home during the crime[,]" as well as a forensic report on the effects of cocaine metabolites on rigor mortis and police reports that show an "alternate suspect threatened [the] victim." *Id.* at 3. Respondent replies in opposition, arguing that Petitioner's claims of actual innocence were conclusory, and that he was therefore not entitled to an evidentiary hearing. (Doc. 20, at 8-9). Respondent also indicates that Petitioner did "not attach[] any of [the] alleged documents as supporting exhibits to his motion for a hearing." *Id.* at 5. The certificate of service attached to

_____

[1] *See Williams v. State*, 300 Ga. 218, 218 n.1, 794 S.E.2d 157 (Ga. 2016).

Petitioner's motion for a hearing indicates that the alibi affidavits and forensic report were attached, but they do not appear on the docket. (Doc. 19, at 5).

The Court notes that it is Petitioner's burden to establish his entitlement to an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); *see also McQuiggin*, 569 U.S. at 399 ("To invoke the miscarriage of justice exception to [the habeas statute's] statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." (quoting *Schlup*, 513 U.S. at 327)). While the Court previously denied Petitioner's motion seeking to expand the record to include the alibi affidavits (Docs. 11, 8), Petitioner is now **ORDERED** to file the alleged alibi affidavits and any other supporting documentation alleged to show his actual innocence **within fourteen (14) days** of the date of this Order. Petitioner is also **ORDERED** to explain – in ten (10) pages or fewer – why he waited twenty-one (21) years after his conviction for malice murder to present the alleged alibi affidavits. (*See* Doc. 16-3, at 11) (order denying state habeas petition noting that "[n]o alibi witness was called to testify at the habeas corpus hearing [held in 2021], and there was no evidence from such a witness that the Petitioner was elsewhere at the time the crime was committed.").

**SO ORDERED**, this 18th day of September, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE